1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

JOHN BECK,                                    CASE NO. C16-0001JLR

10
                              Plaintiff,       ORDER DENYING MOTION FOR
11                                             DEFAULT JUDGMENT
                    v.
12
       JEFFREY PIKE, et al.,
13
                              Defendants.
14

## I.    INTRODUCTION

15

16       Before the court is Plaintiff John Beck's motion for the entry of default judgment

17  against Defendant Jeffrey Pike.  (Mot. (Dkt. # 8).)  The court has reviewed the motion, all

18  submissions filed in support of the motion, the relevant portions of the record, and the

19  applicable law.  Being fully advised, the court DENIES the motion without prejudice to

20  filing a renewed the motion for default judgment as described more fully herein.

21  //

22  //

ORDER - 1

## II.     BACKGROUND

On January 4, 2016, Mr. Beck filed a complaint against Mr. Pike and Defendant F/V Fishalot for lost wages.  (Compl. (Dkt. # 1).)  Mr. Beck alleges that, on June 10, 2015, Mr. Pike left Mr. Beck a voicemail promising Mr. Beck "a job as deckhand aboard the F/V Fishalot for the 2015 Bristol Bay (Alaska) salmon gillnet season at a crewshare of 10%." (*Id.* ¶ 6.)  Mr. Beck also alleges that Mr. Pike asked Mr. Beck "not to accept any other jobs so he could be sure to work aboard the F/V Fishalot." (*Id.*)  Mr. Beck alleges that he passed up other jobs in the Bristol Bay salmon fishery in reliance on Mr. Pike's promise of employment aboard the F/V Fishalot. (*Id.* ¶ 7.)  Mr. Beck asserts that Mr. Pike "reneged on his promise to employ [Mr. Beck] aboard the Fishalot." (*Id.* ¶ 8.)  Finally, Mr. Beck alleges that he lost approximately $15,000.00 as a result of Mr. Pike's broken promise. (*Id.* ¶ 9.)  Mr. Beck alleges that he is entitled to recover these "unearned wages for breach of contract." (*Id.* ¶ 10.)

On April 20, 2016, Mr. Beck filed a declaration of personal service upon Mr. Pike. (Decl. of Serv. (Dkt. # 5).)  Mr. Pike has not appeared in this action.  (*See generally* Dkt.)  On May 20, 2016, Mr. Beck filed a motion for the entry of default against Mr. Pike "in personam." (Mot. for Def. (Dkt. # 6) at 1.)  On May 23, 2016, the court granted Mr. Beck's motion and entered default against "the in personam defendant Jeffrey Pike." (Order of Def. (Dkt. # 7) at 1.)

On January 13, 2016, Mr. Beck filed a notice asking the court not to arrest the F/V Fishalot at this time.  (Notice (Dkt. # 3).)  Mr. Beck has not served F/V Fishalot, and F/V Fishalot has never appeared in this action.  (*See generally* Dkt.)

1    On September 15, 2016, Mr. Beck filed a motion for default judgment against Mr.

2    Pike.  (*See* Mot.)  The court now considers that motion.

3    ### III.    ANALYSIS

4    **A. Standard for a Default Judgment**

5    When a defendant fails to respond to a complaint, the court presumes that all

6    well-pleaded factual allegations supporting liability are true.  *See DIRECTV, Inc. v. Hoa*

7    *Huynh*, 503 F.3d 847, 854 (9th Cir. 2007); *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d

8    915, 917-18 (9th Cir. 1987); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.

9    1977).  "However, a defendant is not held to admit facts that are not well-pleaded or to

10   admit conclusions of law."  *DIRECTV*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co.*

11   *v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (quotation marks omitted)).

12   Further, a court may "examine a plaintiff's complaint to determine whether it alleges a

13   cause of action."  *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir.

14   1992).  Finally, the court does not presume that any factual allegations regarding the

15   amount of damages that the plaintiff allegedly suffered are true.  *Id.* at 560; *Televideo*

16   *Sys.*, 826 F.2d at 917-18.  Indeed, the court must ensure that the amount of damages the

17   plaintiff claims is reasonable and supported by the evidence.  Fed. R. Civ. P. 55(b); Fed.

18   R. Civ. P. 8(b)(6); *Geddes*, 559 F.2d at 560; *Televideo Sys.*, 826 F.2d at 917-18.

19   Ultimately, whether to grant or deny a motion for default judgment is within the

20   discretion of the court.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980);

21   *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986) (recognizing that the

22   defendant's default does not automatically entitle the plaintiff to a court-ordered

judgment).  In exercising this discretion, the court considers several factors:  (1) the possibility of prejudice to the plaintiff is relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## B.  The *Eitel* Factors

In this instance, the *Eitel* factors weigh against granting Mr. Beck's motion for default judgment.  Only one *Eitel* factor—the sixth—weighs in favor of the entry of default judgment; and two *Eitel* factors—the first and the fourth—are neutral.  On the other hand, four of the *Eitel* factors—the second, third, fifth, and seventh—weigh against the entry of default judgment.  On balance, the court concludes that it should not enter default judgment based on its analysis of the *Eitel* factors.

### 1.  Factors Favoring the Entry of a Default Judgment

The sixth factor—whether the default was due to excusable neglect—is the only factor that favors the entry of default here.  It is, however, worth noting that this factor nearly always favors entry of default judgment.  There is no evidence that the entry of default against Mr. Pike was not due to excusable neglect, but rather his failure to respond to Mr. Beck's complaint despite being served in this litigation.  Mr. Pike was served with the complaint on April 18, 2016 (*see* Decl. of Serv. (Dkt. # 5), and he failed to timely answer the complaint (*see generally* Dkt.).  Thus, Mr. Pike had notice and

1  opportunity to appear in this litigation before Mr. Beck moved for default judgment.  The

2  court concludes that this factor weighs in favor of entering default judgment.

3      **2.  Neutral Factors**

4      The first *Eitel* factor—the possibility of prejudice to the plaintiff if relief is

5  denied—is neutral.  On the one hand, it seems doubtful that Mr. Pike will ever participate

6  in the litigation, which makes a judgment on the merits improbable.  Further, Mr. Beck

7  experiences some prejudice by having to continue to litigate.  On the other hand, Mr.

8  Beck has not spent a significant amount of time litigating this matter.  (*See generally*

9  Dkt.; *see also* Merriam Decl. (Dkt. # 8-2) ¶ 2 (indicating he has expended in excess of 10

10  attorney hours in the litigation).)  Further, Mr. Beck is not without recourse because he

11  can reapply for default judgment at a later date in a manner that corrects the deficiencies

12  noted here.  *See infra* § III.E.  For these reasons, the court concludes that this factor is

13  neutral.

14      The fourth *Eitel* factor—the sum of money at stake—is also neutral.  In general,

15  courts disfavor default judgment if there are large sums of money involved.  *Eitel*, 782

16  F.2d at 1472.  This factor "balances the amount of money at stake in relation to the

17  seriousness of the [d]efendant's conduct."  *PepsiCo, Inc. v. Cal. Security Cans*, 238 F.

18  Supp. 2d 1172, 1175 (C.D. Cal. 2002).  Here, Mr. Beck is seeking a relatively small

19  sum—only $19,000.00.  (*See* Mot. at 1-2 (seeking $15,000.00 in damages and $4,000.00

20  in attorney's fees); *see also* Beck Decl. (Dkt. # 8-1) ¶ 5 ("I lost approximately

21  $15,000[.00] from missing the Bristol Bay salmon fishery."); Merriam Decl. ¶ 2

22  (indicating that he spent in excess of 10 attorney hours at a rate of $400.00 per hour);

1    Compl. ¶ 9.)  As noted below, however, due to Mr. Beck's failure to provide sufficient

2    evidence to substantiate the damages he asserts, *see infra* § III.C, the court cannot

3    conclude that even this relatively small amount of damages weighs in favor of the entry

4    of default judgment here.  As a result, the court concludes that, at most, this factor is

5    neutral.

6    ### 3.    Factors Disfavoring the Entry of Default Judgment

7        The second, third, and fifth *Eitel* factors weigh against default judgment because

8    Mr. Beck's complaint does not sufficiently establish Mr. Pike's liability.  The second and

9    third *Eitel* factors focus on the merits of the plaintiff's substantive claims and the

10   sufficiency of the complaint.  *Eitel*, 782 F.2d at 1471-72.  Courts often examine the

11   second and third *Eitel* factors together, and the Ninth Circuit has suggested that these two

12   factors require that a plaintiff "state a claim on which the plaintiff may recover."

13   *Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal.

14   Feb. 13, 1996) (alterations in text omitted) (citing *Danning v. Lavine*, 572 F.2d 1386,

15   1388 (9th Cir. 1978)).  Additionally, the fifth factor requires the court to consider

16   whether there is any possibility of a material dispute as to the facts of the case.  *Eitel*, 782

17   F.2d at 1471-72. Although courts will accept as true all well-pleaded allegations

18   regarding liability, necessary facts not contained in the pleadings and legally insufficient

19   claims are not established by default.  *Danning*, 572 F.2d at 1388.

20       In his complaint, Mr. Beck alleges only breach of contract.  (*See* Compl. ¶ 10.)

21   Breach of contract requires not just an offer, but also an acceptance of the offer.  *See*

22   *Varnal v. Danish Marine Repair Co.*, No. CV 08-994-AC, 2010 WL 97987, at *10 (D.

1   Or. Jan. 11, 2010) (stating, in the context of a maritime contract, that "a contract is

2   formed by an offer and acceptance of that offer").  Mr. Beck alleges that Mr. Pike

3   "promis[ed] him a job as a deckhand aboard the F/V Fishalot" (Compl. ¶ 6), but Mr.

4   Beck fails to allege that he ever accepted Mr. Pike's offer (*see generally id.*).

5   Accordingly, the court concludes that the second and third *Eitel* factors weigh against the

6   entry of default judgment because the facts Mr. Beck alleges in his complaint do not

7   establish Mr. Pike's liability under a breach of contract theory.  Further, the fifth *Eitel*

8   factor also weighs against the entry of default judgment because Mr. Pike could dispute

9   the material facts missing from the complaint.[1]

10          In addition, the seventh *Eitel* factor—the policy favoring decisions on the merits—

11  also weighs against granting Mr. Beck's motion. Generally, default judgments are

12  disfavored and a case should be decided on the merits whenever possible.  *See Pena v.*

13  *Seguros La Commercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).  This factor almost

14  always weighs strongly against default judgment, although some courts have held that

15  this policy is not dispositive, especially where a defendant fails to appear or defend itself

16  in the action and the other factors weigh in favor of granting the motion.  *See, e.g.*,

17  *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, (N.D. Cal. 2010); *Phillip*

18  *Morris USA, Inc., v. Castworld Prods., Inc.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003)

19  (noting "the mere existence of Fed. R. Civ. P. 55(b) indicates that [this] *Eitel* factor is not

20

21          [1] If Mr. Beck files a renewed motion for default judgment (*see infra* § III.E), his motion
    must contain a detailed legal analysis of how the allegations in his complaint support a valid
    breach of contract claim.  *See Vazquez-Baldonado v. Domenech*, 847 F. Supp. 2d 281, 286

22  (D.P.R. 2012), *aff'd*, 595 F. App'x 5 (1st Cir. 2015).

1  alone dispositive").  Here, there are no reasons to discount the policy favoring decisions

2  on the merits.  Thus, the factor weighs against granting Mr. Beck's motion.

3         In sum, four of the *Eitel* factors weigh against the entry of default judgment, while

4  two are neutral and only one weighs in favor.  The court concludes that its analysis of the

5  *Eitel* factors do not support the exercise of its discretion to enter a default judgment

6  against Mr. Pike.

7  **C.  Lack of Evidence Substantiating Damages Claim**

8         The court also declines to enter a default judgment against Mr. Pike because Mr.

9  Beck failed to properly substantiate his damages as the Federal Rules of Civil Procedure

10 and this court's Local Rules require.  *See* Fed. R. Civ. P. 55; Local Rules W.D. Wash.

11 LCR 55(b)(2)(A).  Generally, default judgment is a two step process:  First, the court

12 determines that a default judgment should be entered, then, it determines the amount and

13 character of the recovery that it should award.  *Televideo*, 826 F.2d at 915.  The court

14 must ensure that the amount of damages is reasonable and demonstrated by the evidence,

15 and the court may rely on the declarations submitted by the plaintiff or order a full

16 evidentiary hearing.  Fed. R. Civ. P. 55(b); Fed. R. Civ. P. 8(b)(6); *Geddes*, 559 F.2d at

17 560; *Televideo*, 826 F.2d at 917-18.  Additionally, this court's local rules require Mr.

18 Beck to provide

19        a concise explanation of how all amounts were calculated, and [to] support
          this explanation with evidence establishing the entitlement to and amount
20        of the principal claim, and, if applicable, any liquidated damages, interest,
          attorney's fees, or other amounts sought.  If the claim is based on a
21        contract, plaintiff shall provide the court with a copy of the contract and
          cite the relevant provisions.

22

1   Local Rules W.D. Wash. LCR 55(b)(2)(A).  Mr. Beck's claim is based on breach of

2   contract (*see* Compl. ¶ 10), but he fails to provide the court with a copy of the contract,

3   cite the relevant provisions of the contract in his motion, or explain why he is unable to

4   do so as required by Local Rule LCR 55(b)(2)(A).  (*See generally* Mot.)

5        Moreover, the evidence he submits to substantiate his damages is wholly

6   inadequate.  In his declaration, he states that he "lost approximately $15,000[.00] from

7   missing the Bristol Bay salmon fishery."  (Beck Decl. ¶ 5.)  This statement is the

8   sum-total of Mr. Beck's damages evidence.  He provides no explanation or methodology

9   as to how he arrived at the "approximate[]" sum of $15,000.00.  (*See generally id.*)  Mr.

10  Beck's evidence of damages is inadequate for purposes of entering a default judgment in

11  the requested amount against Mr. Pike.  *See, e.g.*, *Penpower Tech. Ltd. v. S.P.C. Tech.*,

12  627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008) (citing *Geddes*, 559 F.2d at 560) ("Without

13  a concrete method for determining provable damages, a monetary award is not

14  supportable.").

15       The same is true concerning Mr. Beck's request for an award of attorney's fees.

16  In his motion, Mr. Beck seeks an award of $4,000.00 in attorney's fees.  (Mot. at 2.)  His

17  motion states that "[m]ore than ten hours have been put into this case."  (*Id.*)  Mr. Beck's

18  counsel, Mr. Merriam, states that he "expended well in excess of ten hours on th[e]

19  matter," and that his "customary rate is $400[.00] per hour."  (Merriam Decl. ¶ 2.)  Mr.

20  Merriam fails, however, to attach any bills or time records indicating how his time on this

21  matter was spent.  (*See generally id.*)  Further, Mr. Merriam fails to provide any evidence

22  concerning his background or experience to enable the court to evaluate the

ORDER - 9

reasonableness of his hourly rate.  (*See generally id.*)  The court declines to award

attorney's fees on a default judgment when it has been unable to review the attorney's

billing records or rate for reasonableness due to a lack of evidence in the record.  *See*

*Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (requiring the district court to

analyze time records and make specific findings at to the reasonableness of the rates and

hours awarded); *Autodesk, Inc. v. Flores*, No. 10-CV-01917-LHK, 2011 WL 337836, at

*10 (N.D. Cal. Jan. 31, 2011) ("Without [billing records] information, the Court cannot

determine whether the fees and costs requested are reasonable."); *Zynga Game Network*

*Inc. v. Erkan*, No. 09-3264, 2010 WL 3463630, at *2 (N.D.Cal. Aug.31, 2010) (denying a

motion for attorney's fees where the plaintiff failed to attach any billing records).

### D.  The Entry of Default Judgment Is Inappropriate Due to the Possibility of Inconsistent Judgments

Finally, the court also declines to grant Mr. Beck's motion for default judgment

because to do so would risk the entry of inconsistent judgments.  Supreme Court and

Ninth Circuit precedent prohibits the entry of a default judgment where a default

judgment against one defendant could be inconsistent with a judgment on the merits in

favor of other defendants.  *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *In re First*

*T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

Courts have discretion to enter a default judgment as to fewer than all defendants.

Fed. R. Civ. P. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (so

noting).  However, the general rule is that "when one of several defendants who is

alleged to be jointly liable defaults, judgment should not be entered against that defendant

until the matter has been adjudicated with regard to all defendants, or all defendants have

defaulted." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 2690 (3d ed. 2013) (citing *Frow*, 82 U.S. at 554). In setting out this rule, the

Supreme Court warned against circumstances that could lead to logically inconsistent

adjudications as to liability. *Frow*, 82 U.S. at 554. In the Ninth Circuit, *Frow* is not

limited to complaints asserting only joint liability, but extends to certain circumstances

where the defendants have closely related defenses or are otherwise similarly situated,

including in breach of contract suits. *See First T.D.*, 253 F.3d at 532; *Gulf Coast Fans,

Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (concluding

that a distributor's breach of contract claim against importers and exporters of fans could

not logically result in one defendant being liable but not the other).

  Mr. Beck has obtained a default only against Mr. Pike, but F/V Fishalot remains a

defendant in this action as well. (*See generally* Dkt.) Mr. Beck alleges the same breach

of contract claim against F/V Fishalot. (*See generally* Compl.) Mr. Beck alleges that Mr.

Pike either "owned or bareboat chartered" the F/V Fishalot, and that Mr. Pike reneged on

his offer of employment to Mr. Beck to work as a deckhand aboard the F/V Fishalot. (*Id.*

¶¶ 5-6.) Because Mr. Beck's breach of contract claim against Mr. Pike and the F/V

Fishalot are intertwined, granting a default judgment against Mr. Pike risks creating an

inconsistent judgment with respect to the F/V Fishalot. Under *Frow* and *First T.D.*, it

would be an abuse of discretion for the court to grant Mr. Beck's motion for default

judgment against Mr. Pike when Mr. Beck alleges the same claims and supporting facts

against both Mr. Beck and F/V Fishalot.

**E.  Leave to File a Renewed Motion for Default Judgment**

Although the court denies Mr. Beck's motion for a default judgment against Mr. Pike, the court grants Mr. Beck leave to file a renewed motion for default judgment that addresses the deficiencies described in this order.  Mr. Beck must file any renewed motion for default judgment within 20 days of the filing date of this order.  The court warns Mr. Beck that failure to timely file a renewed motion for default judgment or failure to file a motion that corrects the deficiencies described in this order may result in the denial of his renewed motion with prejudice and in the dismissal of this action for lack of prosecution.  *See, e.g.*, *Vazquez-Baldonado,* 847 F. Supp. 2d at 286-88 (denying with prejudice the plaintiff's second motion for default judgment because "[d]espite the Court's admonitions that plaintiff provide a detailed legal analysis as to how the factual allegations in her complaint support a valid RICO claim . . . plaintiff's renewed motion for default judgment still fails to address several key issues in adequate detail.); *Schob v. Reilly*, No. CIV 10-0505-PHX-SRB, 2010 WL 3463704, at *8 (D. Ariz. July 23, 2010), *report and recommendation adopted*, No. CV10-0505-PHX-SRB, 2010 WL 3463706 (D. Ariz. Aug. 30, 2010) (denying default judgment with prejudice because Plaintiffs did not establish a federal cause of action).

**F.  Order to Show Cause Regarding Lack of Prosecution of F/V Fishalot**

Mr. Beck filed his complaint on January 4, 2016, more than one year ago.  (*See* Compl.)  During that time period, Mr. Beck has never arrested or served process on the F/V Fishalot.  (*See* Notice at 1 ("You will please NOT arrest the vessel at this time."); *see generally* Dkt.)

1    A district court may *sua sponte* dismiss an action for unreasonable failure to

2  prosecute.  *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute

3  must be unreasonable in order to support dismissal); *Henderson v. Duncan*, 770 F.2d

4  1421, 1423 (9th Cir. 1986) ("[D]ismissal for lack of prosecution must be supported by a

5  showing of unreasonable delay.")  A district court must consider five factors to determine

6  whether to dismiss a case for lack of prosecution:  (1) the public's interest in expeditious

7  resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice

8  to the defendants, (4) the public policy favoring the disposition of cases on their merits,

9  and (5) the availability of less drastic sanctions.  *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.

10 1994); *Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).  Dismissal is

11 proper when at least four factors support dismissal or where at least three factors

12 "strongly" support dismissal.  *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir.

13 1998).

14    Based on the foregoing facts and authority, the court orders Mr. Beck to show

15 cause within 20 days of the filing date of this order why his claims against F/V Fishalot

16 should not be dismissed for failure to prosecute.  If Mr. Beck fails to file a satisfactory

17 response within 20 days, the court will dismiss his claims against F/V Fishalot without

18 prejudice.

19                                    **IV.    CONCLUSION**

20    Based on the foregoing analysis, the court DENIES Mr. Beck's motion for default

21 judgment (Dkt. # 8).  The court nevertheless GRANTS Mr. Beck leave to file a renewed

22 motion for default judgment that addresses the deficiencies in his present motion.  The

1    court ORDERS Mr. Beck to file any renewed motion for default judgment within 20 days

2    of the filing date of this order.  The court warns Mr. Beck that failure to timely file such a

3    renewed motion may result in the dismissal of his claim against Mr. Pike with prejudice

4    for lack of prosecution.  The court further warns Mr. Beck that the failure to timely file a

5    renewed motion that adequately addresses the deficiencies described herein may also

6    result in the denial of his motion with prejudice and the dismissal of his claims against

7    Mr. Pike with prejudice.  Finally, the court ORDERS Mr. Beck to SHOW CAUSE within

8    20 days of the filing date of this order why his claims against F/V Fishalot should not be

9    dismissed without prejudice for failure to prosecute.  The court warns Mr. Beck that his

10   failure to file an adequate response to the court's order to show cause may result in the

11   dismissal of his claims against the F/V Fishalot without prejudice.

12        Dated this 9th day of February, 2017.

13

14

15   JAMES L. ROBART
     United States District Judge

16

17

18

19

20

21

22